Joseph TAYLOR

v.

State of LOUISIANA, Through the DEPARTMENT OF HEALTH AND HOSPITALS, et al.

Civil Action No. 09–1068–BAJ–DLD.

United States District Court, M.D. Louisiana.

Signed March 19, 2013.

John Lee Hoffoss, Jr., Hoffoss Devall, LLC, Raleigh Newman, Lake Charles, LA, for Joseph Taylor.

Weldon J. Hill, II, State of Louisiana–Department of Health and Hospitals, Baton Rouge, LA, for State of Louisiana, Through the Department of Health and Hospitals, et al.

## RULING AND ORDER

BRIAN A. JACKSON, Chief Judge.

This matter is before the Court on a Motion for Partial Summary Judgment (doc. 28). Plaintiff seeks a declaratory judgment from this Court on the issue of preemption. No further briefing is required.

According to the undisputed facts [1]: (1) On April 20, 2008, Defendant, State of Louisiana, through the Department of Health and Human Hospitals (DHH) ("Defendant"), implemented an internal regulation, LAC 50:I.8341 *et seq.*; (2) On November 20, 2008, Plaintiff, Joseph Taylor ("Plaintiff") was injured in an accident, and as a result of Plaintiff's injuries, he received medical treatment at University Medical Center (UMC) in Lafayette, Louisiana; (3) Plaintiff incurred a bill from UMC in the amount of $2,579.40, of which, $1,574.02 was paid with Medicaid Funds by DHH, leaving a balance of $1,005.38; (4) Plaintiff filed suit against a third party tortfeasor and its insurer, and settled his claims for ten thousand and 00/100 Dollars ($10,000.00) (doc. 28–1; doc. 33).

According to Plaintiff, Louisiana State University (LSU) Health System subsequently asserted a lien in the amount of $1,005.38 against him (doc. 1 ¶ 14).

The Court has carefully reviewed this matter and finds that the motion should be granted for the reasons advanced by Plaintiff's supporting memorandum. The Court concludes that Defendant fails to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Specifically, from the pleadings and documentation provided by both parties, it is clear that Defendant's reliance on letters from CMS,[2] even when viewed in the light most favorable to Defendant, does not raise a genuine issue of material fact regarding whether Defendant's state regulations are

---

**1.** Pursuant to Local Rule (LR) 56.1, Plaintiff has submitted a statement of undisputed material facts (doc. 28–1). Defendant, however, has contested some of those facts, as permitted under LR 56.2 (doc. 33). Therefore, pursuant to LR 56.2, certain material facts will be deemed admitted for purposes of this motion.

**2.** Centers for Medicare and Medicaid Services (CMS), a federal agency within the Department of Health and Human Resources that participates in overseeing state Medicaid Programs.

preempted by federal law. The Court reaches this conclusion for several reasons.

 Foremost, Defendant asserts, and the Court agrees, that to the extent that any state law or regulation conflicts with the federal Medicaid statute or its regulations, it is void. This type of conflict arises when "compliance with both federal and state regulations is a physical impossibility." *Matter of Cajun Elec. Power Co-op., Inc.*, 109 F.3d 248, 254 (5th Cir.1997) (citing *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–143, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963)). Further, a conflict also arises when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (citing *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941)).

This case involves the specific statutory provision of 42 U.S.C. § 1396a(a)(25)(c) and regulation 42 C.F.R. § 447.15. The statute specifically states that when a person receives Medicaid assistance for a service rendered for which a third party is liable, the provider:

> "may not seek to collect from the individual (or any financially responsible relative or representative of that indi-

vidual) payment of an amount for that service (i) if the total of the amount of the liabilities of third parties for that service is at least equal to the amount payable for that service under the plan...." 42 U.S.C. § 1396a(a)(25)(C).

The accompanying regulation requires that: "[a] state plan must provide that the Medicaid agency must limit participation in the Medicaid program to providers who accept, as payment in full, the amounts paid by the agency plus any deductible, coinsurance or copayment required by the plan to be paid by the individual." 42 C.F.R. § 447.15.

Here, the State of Louisiana, through the Department of Health and Human Hospitals (DHH), has implemented a set of internal regulations permitting health care providers that accept Medicaid funds to pursue payment in excess of the Medicaid paid amount to a provider for rendered health care services when there is a potential third party liability recovery.[3] An examination of the federal laws and regulations and Defendant's internal regulations shows that Plaintiff is correct in that they directly conflict.

---

**3.** Under DHH regulation LAC 50:I.8341–8349:

§ 8343

A. Congress intended the Medicaid Program be the payor of last resort, requiring other available resources be used before Medicaid pays for any health services rendered to an individual enrolled in the Medicaid Program.

B. The Department of Health and Hospitals shall not prevent a provider from pursuing a liable or potentially liable third party for payment in excess of the Medicaid paid amount to a provider for rendered health care services, hereinafter referred to as the "difference".

§ 8345

A. A provider who pursues a liable or potentially liable third party for the difference must:

1. establish his right to payment separate of any amounts claimed and established by the recipient, such as in compliance with Louisiana Revised Statute 9:4751 *et seq.*; or

2. obtain a settlement or award in his own name separate from a settlement or award obtained by, or on behalf of, the recipient; or

3. enter into a written agreement with the recipient, the recipient's legal representative, or recipient's attorney in fact that specifies the amount which will be paid to the provider separate from the settlement or award obtained by the recipient.

C. A provider who has filed and accepted a Medicaid payment may accept or collect the difference from a third party.

First, while Defendant avers that its regulation does not conflict with the Medicaid statute because it involves pursuing the balance from a liable third party and not the Medicaid recipient, the Court is not persuaded by this narrow interpretation of the federal law. The Court finds that Congress intended Medicaid to be a means-tested program for people and families with low incomes. Congress did not intend for providers to receive Medicaid reimbursement for patient care and then intercept funds that the patient would otherwise receive. Once a health care provider has received Medicaid coverage for a patient, it is precluded from recovering more than the program's reimbursement rates for care. *See* 42 C.F.R. § 447.15.

Other district courts have held that permitting providers to charge the balance of their bill to entities which are liable to the patient ultimately results in the patient recovering less from the liable entity.[4] Further, in most cases, as shown by the operative facts in *Miller v. Gorski Wladyslaw Estate*, settlement agreements between an injured patient and third parties often require the patient to hold in trust the funds necessary to satisfy all known liens, interventions and other claims. 547 F.3d 273, 276 (5th Cir.2008). Thus, the practical effect of allowing providers to receive Medicaid reimbursement and then charge the balance of their bill to third parties through a lien is a limit to the patient's recovery. Therefore, the Court finds that it goes against the full spirit of the federal Medicaid law to allow a health care provider to receive Medicaid coverage for a patient, and then recover the remaining balance from a liable third party.

Second, the Court is not persuaded by Defendant's reliance on CMS letters to support its assertion that the state regulation is not preempted. There is ample, binding, and persuasive case law which suggests that Medicaid does not allow a provider, who accepts Medicaid coverage for a patient, to recover more than the program's reimbursement rates for care.

For example, in *Miller* the issue was whether a hospital could seek to collect payment for a patient's medical bills by enforcing a lien against a settlement the patient recovered from a third-party tortfeasor. The hospital pursued a lien rather than billing Medicaid. *Miller*, 547 F.3d at 275–76. While the Fifth Circuit held that the hospital could enforce its lien under those circumstances, the court further discussed that "what Medicaid does not allow, is for a provider who accepts Medicaid coverage for a patient to recover more than the program's reimbursement rates for care." *Id.* at 281; 42 C.F.R. § 447.15. The Fifth Circuit also cited persuasive authority to further support the assertion that once a provider elects to bill and accept payment from Medicaid for the services it provides to the patient, it is precluded from collecting further payment. *Id.* at 282 (citing *Spectrum Health Continuing Care Group v. Bowling*, 410 F.3d 304 (6th Cir.2005); *Evanston Hosp. v. Hauck*, 1 F.3d 540 (7th Cir.1993)).

Similarly, in *Lizer v. Eagle Air Med Corporation*, a federal district court held that a state lien statute was preempted by federal law. 308 F.Supp.2d 1006, 1009 (D.Ariz.2004). The court further held that because the provider already accepted Medicaid funds, it could not use the state lien for the balance of plaintiffs' bills. Thus, case law uniformly indicates that Medicaid does not allow a provider, who accepts Medicaid coverage for a patient, to

---

4. *Lizer v. Eagle Air Med Corp.*, 308 F.Supp.2d 1006, 1009 (D.Ariz.2004) (holding that a state lien statute was preempted and could not be used by a health care provider to assert a lien against insurance proceeds because the provider already accepted Medicaid funds).

later recover more than the program's reimbursement rates for care. The Court finds that this supports the conclusion that health care providers are unable to pursue more than the reimbursement rate from the patient or a liable third party. ·

■ Therefore, the Court finds that because: (1) an examination of existing federal law and regulation and Defendant's internal regulations shows a direct conflict; (2) Congress did not intend for providers to receive Medicaid reimbursement for patient care and then intercept funds that the patient would otherwise receive; and (3) case law uniformly indicates that Medicaid does not allow a provider, who accepts Medicaid coverage for a patient, to later recover more than the program's reimbursement rates for care, the Louisiana state DHH Regulations LAC 50:I.8341–8349 are preempted by existing Federal law.

Accordingly, Plaintiff's Motion for Partial Summary Judgment (doc. 28) is hereby **GRANTED.** The herein described Louisiana state DHH Regulations LAC 50:I.8341–8349 are preempted by Medicaid statute to the extent that they permit a health care provider to recoup balance of its customary payment from third-party settlement proceeds after the provider has accepted Medicaid payment.